FILED

## UNITED STATES DISTRICT COURT
Middle DISTRICT OF FLORIDA

2018 JAN 16  PM 4: 08

Jacksonville Division

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

### CIVIL RIGHTS COMPLAINT FORM

Deriel Head 302012

CASE NUMBER: 3:18-cv-108-J-34MU
(To be supplied by Clerk's Office)

_____

(Enter full name of each Plaintiff and
prison number, if applicable)

v.

The City of Jacksonville          Officer Author L. Prater [3]
Mayor Lenny Curry                 Officer Mike Bruno Co.Jail Dir.
Sheriff Mike Williams
Officer Dale D. Cullens

(Enter full name of each Defendant.
If additional space is required, use the
blank area directly to the right).

_____ /

### ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.    PLACE OF PRESENT CONFINEMENT: Baker Corr. Inst 20706
      (Indicate the name and location)
      US HWY 90 West Sanderson Fl. 32087

II.   EXHAUSTION OF ADMINISTRATIVE REMEDIES: **Exhaustion of administrative remedies is
      required prior to pursuing a civil rights action regarding conditions or events in any prison, jail,
      or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the
      administrative grievance process was not completed prior to filing this lawsuit may be subject
      to dismissal.**

III.  PREVIOUS LAWSUITS:

Case 3:18-cv-00108-MMH-MCR   Document 1   Filed 01/16/18   Page 2 of 16 PageID 2

A.   Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?   Yes ( )   No (✓)

B.   Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?   Yes ( )   No (✓)

C.   If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

  1.   Parties to previous lawsuit:

       Plaintiff(s): __N/A_____

       _____

       Defendant(s): __N/A_____

       _____

  2.   Court (if federal court, name the district; if state court, name the county):

       _____N/A_____

  3.   Docket Number: __N/A_____

  4.   Name of judge: __N/A_____

  5.   Briefly describe the facts and basis of the lawsuit:__N/A_____

       _____N/A_____

       _____N/A_____

  6.   Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
       _____N/A_____

       _____N/A_____

  7.   Approximate filing date: __N/A_____

  8.   Approximate disposition date: __N/A_____

D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so,

identify these suits below by providing the case number, the style, and the disposition of each case: Previously filed a law suit in the Pensacola division, dont have case number dismiss failure to state a claim relating to prison issue or medical problem.

IV.   PARTIES:  In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.   Name of Plaintiff: Deriel Head 302012

Mailing address: Baker Corr Inst 20206 US Hwy 90 West Sanderson Fla 32087

B.   Additional Plaintiffs: _____

_____

_____

In part C of this section, indicate the **full name** of the first named Defendant.  Also, fill in his or her mailing address, position, and where he or she is employed.  For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.   Defendant: The City of Jacksonville

Mailing Address: 300 East Bay Street Jacksonville Florida 32202

Position: Municiple Ordinance

Employed at: City Hall

D.   Defendant: Mayor Lenny Curry

Mailing Address: 300 East bay Street Jacksonville, Florida 32202

DC 225 (Rev 2/2012)

3

Position: Chief Executive Officer of the City

Employed at: City Hall

E.  Defendant: Mike Williams

Mailing Address: 501 East Adams Street
Jacksonville, Florida 32202

Position: Sheriff of Duval County

Employed at: Jacksonville Sheriff Office

F.  Defendant: Dale D. Cullens

Mailing Address: 501 East Adams Street
Jacksonville, Florida 32202

Position: Jacksonville, Sheriffs Office

Employed at: Patrol Officer

G.  Defendant: Author L. Prater[3]

Mailing Address: 501 East Adams Street
Jacksonville Florida 32202

Position: Patrol Officer

Employed at: Jacksonville Sheriffs Office

H) Defendant: Mike Bruno

Mailing Address: 501 East Adam Street
Jacksonville Florida 32202

Position: Duvul Detention Facility Jail Administrater

Employed at: Jacksonville Sheriff Office / County Jail

4A

V.   STATEMENT OF CLAIM: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. *Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.*

Officer Author L. Prater[3] who was improperly being trained by Officer Dale D. Cullens of The Jacksonville Sheriffs Office in their Official Custom carried out an Official Policey; being represented by Sheriff Mike Williams did violate Plaintiffs fourth, fifth, Eighth, and fourteeth Amendment (Pg 1, 2, 3, and 4 Continued)

VI.   STATEMENT OF FACTS: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1.   Name and position of person(s) involved.
2.   Date(s).
3.   Place(s).
4.   Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.   Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant[s]).

On August 3, 2016, approximately 2:45 am Officer Dale D. Cullens and Officer Author L. Prater[3] of Jacksonville's Sheriff Office, observed a Murcury Grand Marquis and before even seeing it commit any allege traffic infraction. When the officers sped up to run random tag having no suspicion of any illegal activity. Just upon seeing it make a left turn on Philips Highway from Emerson

Upon running the random tag the officers allege that they observed Plaintiffs vehicle cross over the left lane approximately two to three times in an estimated one minute period. The distance was unknow, but estimated by both officers no more than a tire width and interfering with no traffic. Plaintiff was in the right lane while traveling north bound on Philips Highway. Officer Author L. Prater[3] alleged in the booking report, (Arrest), ~~████~~ and Officer Dale D. Cullens observe the Suspect (Plaintiff) vehicle cross over in the left lane on three separate occasions and was unaware if the Suspect (Plaintiff) was possibly impaired or in possibly in medical stress. In depositions Officer Author L. Prater[3] could not recall if it was two to three occasions. Plaintiff pulled over with no difficulty and with no signs of impairment and made no effects or emotions to elude or evade the police or destroy any evidence. Officer Author L. Prater[3] allege that when he made contact with the Plaintiff he smelled a burnt odor of marijuana. Although he had no training as a drug recognition expert. Additionally no burnt or consumed marijuana were ever located. The Officer asked for (VF Continue 1,2,3,4,5)

VII.   <u>RELIEF REQUESTED</u>: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

Plaintiff respectfully pray that this Honorable Court

declare Judgement on Defendant's to reimburst
Plaintiff in the sum of $7,000,000.⁰⁰ in mone-
tary damages, punitive damages; an injunctive
order, cost and reasonable attorney fees
and any other relief the court deems
proper.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
CORRECT.**

Signed this __11__ day of __Jan__, 2 __018__.

(Signatures of all Plaintiffs)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☐ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail on: the __11__
day of __Jan__, 20 __18__.

V .... Statement of Claim Continue

rights to the United States Constitution when they
improperly informed an illegal traffic stop having no
reasonable suspicion or probable cause for the
stop. There was no warrant to search Plaintiff's
vehicle depriving Plaintiff of his rights to rem-
ain at liberty by improperly arresting and impr-
operly incarcerating plaintiff causing him to
an unconstitutional lengthy detention.

   The City of Jacksonville, who is an municiple
ordinance which is directed by the Chief Exec-
utive Officer Mayor Lenny Curry promulgated this
policy giving the Jacksonville Sheriff Office autho-
ritive(y) to impliment this policy without proper
training and are liable for this Constitutional
violation.

   Duval County Jail Administrative Mike Bruno failed
to notify as required to the Florida Commission on
Offender Review that Plaintiff had his charges
dismissed for no probable cause, or reasonable sus-
picion. See Exhibit "A" where Petitioner wrote "B" 947.141(2); "C"
   Florida Commission on Offender Review did use
Ofc. Dale D. Cullens, and Ofc Author L. Prater to make
false and misleading statements to violate Plaint-
iff at revocation hearing on record which was
inconsistant with statements in depositions at the

2

V..... Statement of Claim Continue

the Suppression hearing held on April 20, 2017.

This is a civil action authorized by 42 U.S.C. 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has Jurisdiction under 28 U.S.C. Sec. 1331 and 1343 (a)(3). In this complaint, each Defendant is sued individually and in his or her own official capacity. At all times mentioned in this complaint each defendant acted under the Color of State law.

The title 42 U.S.C. 1983 provides: Every person who under color of state law or any statute, ordinance, regulation, custom, or usage of any state subjects or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, suit in equity, or other proper proceedings for redress,

The Defendants in this complaint have and has continued to deliberately violate the Plaintiff rights of life, liberty, and property, and equal protection of the law by not following the laws set forth in the fourteenth Amendment of the constitution

3

V. . . . Statement of Claim Continue

of the United States, laws and treaties of the
United States, and bluntly disregarding the regulations
and laws of the State of Florida. Their negligent
acts of omission, and acts of commission has lead
to punishment of the plaintiff which is forbidden
by the due process clause of Constitutional Amend-
ment 14.

4

Continue VI Statement of facts

license and registration which was produced with no difficulty. The officers saw no signs of impairment and had no concerns for thier saftey. They also did nothing to determine if the Plaintiff was infact in medical distress or possibly imp- aired a DUI investigation was never conducted.

Officer Dale D. Cullens allege that he observed a black bag under Plaintiff's right leg in plainview, however both Officer Dale D. Cullens and Officer Author L Prater[3] were shinning thier flashlights into the vehicle. At that point Officer Author L.Prater[3] removed Plaintiff from the vehicle based on Officer Dale D. Cullens mere saying get him out. Officer Author L.Prater[3] seen no contraband when Officer Author L.Prater[3] handcuff Plaintiff, arres- ted Plaintiff and placed Plaintiff in the locked Patrol car. Afterwards the officers searched the vehicle and found contraband. Plaintiff made no statement upon asked a question by officer DaleD. Cullens and Plaintiff didnt answer any further questions invoking his rights to counsel. Subsequantly Plaintiff was transported to the Pretrial Detention facility. It was never determined to whom the car was registered to and there was no item identifying the plaintiff in the bag within which the contraband was found. The citation for failure to Drive a single lane wasnt written till 3:55 A.M.

1

<u>Statement of facts Continuence</u> VI

The morning proceeding of August 3, 2016, Plaintiff was taken to bond hearing for the pending charges where his bond was set a $206,000, which was in excess of what Plaintiff earned for a living.

On August 8, 2016 a warrant was filed by Plaintiff Probation Officer Ms. K. Milton alleging Violation of Conditional Release with pending charges in case # 2016-006867-CF

August 16, 2016 Plaintiff was served Notice of the hearing on Conditional Release Offender Review papers by Mrs. Sharon Walker Conditional Release Investigater in which the hearing was postponed til pending charges was resolved.

On August 17, 2016. Plaintiff retained Private Counsel Mrs. Janet E. Johnson, to represent Plaintiff in the Court proceedings in pending case.

Plaintiff private retained Counsel and cost of Assistence was $12000 / expenses for dispostions 165ᵃ / Cost for car out of towing $250⁰⁰ / phone expenses $300⁰⁰ / Sales of jewelry $300⁰⁰ / lost of wages off work $900 B/W lost of ban from bank $1,100⁰⁰ and etc.

On August 24, 2016 the State of Florida formally

## Statement of Facts Continue VI

Charged Plaintiff with numorous charges in case # 2016-006867-CF In the Circuit Court Duval County Jacksonville Florida.

On February 10, 2017, Plaintiff Counsel Ms Janet E. Johnson filed motion to Suppress; and on April 20, 2017 Trial Judge Honorable B. Anderson of Duval Co. Circuit Court made ruling granting the motion to Suppress that the stop of Plaintiffs car was an illegal stop and that there was no probable cause for Plaintiffs arrest. On May 15, 2017 the ruling became final.

On May 16, 2017, Plaintiff's Counsel Ms. Janet E. Johson timely notified the Conditional Release on Offender Review Committee Investigater Mr. Tim Comptoran Informing him that the charges had been dismissed due to the stop of Plaintiffs vehicle was illegal ANd there was no Probable cause for Plaintiff's arrest. The County (Jail) Detention Facility Administrater Mike Bruno (250) Director of Operations failed to Contact the Florida Parole Commission on Offender Review of the Probable Cause issue.

After being notified Mr. Tim Comptoran elected to proceed in having Plaintiffs Violation hearing after being advise by Plaintiff, Plaintiffs Counsel and

3

## Statement of Facts Continue. VI

family, that the pending charges had been dismissed due to an illegal traffic stop and no probable cause for Plaintiff's arrest. (hear recording on 5-17-2017 Preliminary hearing).

The violation hearing was held on May 31.2017. with Parole Commission Investigator Mr. Tim Comptoran, Plaintiffs Probation Officer Ms. K. Milton, Witnesses Officer Dale D. Cullens, and Officer Author L. Prater III along with Plaintiff.

In the hearing witnesses Officer Dale. D. Cullens, and Officer Author L. Prater III produced false and misleading evidence that if produced in the Suppression hearing Plaintiff would have been found guilty and convicted or the evidence that was produced was the result of an illegal Search and Seizure, of an illegal arrest having no probable cause. in Case 2016-006867-CF, these statements was inconsistant with the statements that was produced in despositions at the Suppression hearing. The team hearing officer Investigator Mr. Tim Comptoran for the Florida Parole Commission on Offender Review found Plaintiff in violation (hearing) based on these false and misleading statements while Plaintiff Probation Officer Ms. K. milton recommended that Plaintiff be re

## Statement of facts Continue VI

Instated with ankle monitor and Stricter Supervision.

Both Officers Officer Dale D. Cullens and Officer Author L. Prater III currently worked for the Jacksonville Sheriffs Department in Duval County Florida and was imployed by the Sheriff Mike Williams of the Jacksonville Sheriffs Office at the time they performed the traffic Stop.

Willfully Submitted

Derwin Head

5