PROVIDED TO BAKER CI
ON 3/5/18
FOR MAILING. TB
DH

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA**

___Jax___ Division

### CIVIL RIGHTS COMPLAINT FORM

Deriel Head 302012

CASE NUMBER: 3:18-cv-108-J-34MCR
(To be supplied by Clerk's Office)

_____

(Enter **full name** of each **Plaintiff** and prison number, if applicable)

v.

Ofc Dole D. Cullins
Ofc Author L. Pater 3

"Original Amended" Complaint

_____

(Enter **full name** of each **Defendant**. If additional space is required, use the blank area directly to the right).
_____/

### ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.  **PLACE OF PRESENT CONFINEMENT:** Baker Correctional
    (Indicate the name and location)
    Institution, Sanderson, Florida

II. **DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?** Yes ( ) No (✓)

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

1

**EXHAUSTION OF ADMINISTRATIVE REMEDIES:** Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

**EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:**

**General Grievance**

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

**Other Grievance**

Inmates are not required to utilize the Informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

**Questions:**

A. **Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22** (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

   1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes ( ) No (✓)

   2. If so, you must attach a copy of the grievance and response to this Complaint form.

   3. Were you denied emergency status? Yes ( ) No (✓)

      a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No (✓)

      b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.  N|A

B. **Informal Grievance** (Request for Interview)

2

1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No (✓)

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No (✓)

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No (✓)

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes ( ) No (✓)

2. If so, you must attach a copy of the appeal and response to this Complaint form.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.**

**Signed this** _____ **day of** _____, 2 _____.

_____
Signature of Plaintiff

III. **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes ( ) No (✓)

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your Institution or Jail? Yes ( ) No (✓)

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes ( ) No (✓)

C. If your answer is YES:

   1. What steps did you take? N/A

   2. What were the results? N/A

   3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain why not: N/A


**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.**

Signed this _____ day of _____, 2_____.

_____
Signature of Plaintiff

4

IV. **PREVIOUS LAWSUITS:**

　　A. Have you initiated other lawsuits in <u>state court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?
　　Yes ( ) No (✓)

　　B. Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?
　　Yes ( ) No (✓)

　　C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

　　　　1. Parties to previous lawsuit:

　　　　　Plaintiff(s): N/A

　　　　　Defendant(s): N/A

　　　　2. Court (if federal court, name the district; if state court, name the county):
　　　　　N/A

　　　　3. Docket Number: N/A

　　　　4. Name of judge: N/A

　　　　5. Briefly describe the facts and basis of the lawsuit: N/A
　　　　　N/A
　　　　　N/A

　　　　6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
　　　　　N/A
　　　　　N/A

　　　　7. Approximate filing date: N/A

　　　　8. Approximate disposition date: N/A

　　D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

5

Previous filed A law Suite in the Pensacola division dont have case number dismiss failure to state a claim relating to prison issue or medical problem

V. **PARTIES**: In part A of this section, indicate your **full name** in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: Deviel Head 30202

   Mailing address: Baker Correction Institution 20206 U.S. HWY 90 West, Sanderson, Fla 32087

B. Additional Plaintiffs: _____

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: Ofc Dale D. Cullens

   Mailing Address: 501 E. Adams St Jacksonville Fla 32202

   Position: Patrol Officer

   Employed at: Jacksonville Sheriffs Office

D. Defendant: Ofc Author L. Prater III

   Mailing Address: 501 E. Adams St. Jacksonville Fl 32202

   Position: Patrol Officer

   Employed at: Jacksonville Sheriffs Office

VI. **STATEMENT OF CLAIM:** State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

Plaintiff's Fourth, Eighth, and Fourteenth rights under the Constitution of the United States have been violated because Ofc. Dale D. Cullins improperly training Ofc. Authur L. Prater III deprived Plaintiff of his due process rights when they illegally (Cont. Att.)
(Continued on pg 1 of statement of facts)

VII. **STATEMENT OF FACTS:** State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant(s)).

On August 3, 2016 at 2:45 a.m. Ofc. Dale D. Cullins and Ofc. Authur L. Prater III of the Jacksonville Sheriff's office, observed a Mercury Grand Marquis and before even seeing it commit any alleged traffic infraction the officers randomly check the tag having no reasonable suspicion or probable cause of any illegal activity.

2) Ofc. Authur L. Prater III stated in deposition
(Continue on pg 2 of Statement of facts)

8

**Statement of Facts, continued:**

it was just a Random tag and there wasn't nothing suspicious about his driving.

3) Just upon seeing it make a left turn on Philips Highway from Emerson upon running the tag the officers allege that they observed Plaintiff vehicle cross over the left lane approximately two to three times in an estimated one minute period. The distance was unknown but estimated by both officers no more than a tire width and interferring with no traffic.

4) Plaintiff was in the right lane while traveling North bound on Philips Highway. Officer Author L. Prater III allege in the Arrest and Booking Report he observed the suspects vehicle cross over in the left lane on three separate occasions and was unaware if the Plaintiff was possibly impaired or possibly in Medical Stress.

5) In depositions Officer Author L. Prater III could not recall if it was two or three occasions.

6) Plaintiff pulled over with no difficulty and with no signs of impairment and made no effort to evade the officers police or destroy any evidence...

(Statement of Facts Continue on pg 2 Attached)

VIII. **RELIEF REQUESTED:** State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

Plaintiff respectfully pray that this court enter Judgement Granting Plaintiff Deriel Head a declaration that the acts and omissions describe herein violate the Plaintiff rights under the Constitution and laws of the United States, and 2) Order a preliminary and permanent (Continue on pg 1 of Relief Requested)

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this __5__ day of __March__, 20__18__.

Deriel Head 302012

(Signatures of all Plaintiffs)

10

## VI Statement of Claim Continued...

performed an illegal traffic stop with no reasonable suspicion or probable cause.

2) The Officers illegally searched Plaintiff's Vehicle without a warrant.

3) The Officers falsely arrested Plaintiff without a warrant or probable cause. Causing Plaintiff to an Uncostitutional lengthy detention depriving Plaintiff of his life, liberty, and property without due process of law.

4) These officers act in their individual capacity performing their duty while under the color of State law.

5) This is a civil action authorized by 42 U.S.C. 1983 to redress the deprivation under color of State law, of rights secured by the Constitution of the United States. The court has Jurisdiction under 28 U.S.C. Sec. 1331 and 1343 (a)(3).

6) In this complaint each Defendant is sued individually and in his own official capacity. At all times mentioned in this Complaint each of the defendant's acted under color of State law.

2

## VI of Claim Statement of Claim Continued.

*) The Defendants in this Complaint have and has continued to deliberately violate the Plaintiff's rights of life, liberty, and property and equal protection of the law by not following the laws set forth in the Fourteenth Amendment of the Constitution of the United States laws and treaties of the United States and bluntly disregarding the regulations and laws of the State of Florida. Their negligent act of omission has lead to punishment of the plaintiff which is forbidden by the due process clause of Constitution Amendment.

VII Statement of Facts Cont.

7) Officer Author L. Prater III alleges that when he made contact with Plaintiff he smelled a burnt odor of marijuana. Although he and officer Dale D. Cullins had no training as a drug recognition expert. Additionally no burnt or consumed marijuana were ever located.

8) The officer asked for liscense and registration which was produced with no difficulty. The officers saw no signs of of impairment and had no concerns for their safety. They also did nothing to determine if the plaintiff was infact impaired or in medical distress a DUI investigation was never conducted.

9) Officer Dale D. Cullins allege that he observed a black bag under plaintiff right leg in plainview, however both officers Dale D. Cullins and Officer Author L. Prater III were shinning their flashlights in the vchicle.

10) At that point Officer Author L. Prater III removed Plaintiff from the vchicle based on Officer Dale.D. Cullins mere saying get him out. Officer Author L. Prater III seen no contriband.

11) When Officer Author L. Prater III handcuff Plaintiff

9

VII Statement of Fact Cont.

arrested Plaintiff, and placed Plaintiff in the locked patrol car.

12) Afterwards the officers searched the vehicle and found contriband. Plaintiff made one statement upon asked a question by Officer Dale D. Cullins and Plaintiff didn't answer any further questions invoking his rights to counsel.

13) Subsequently Plaintiff was transported to the Pre-trial Detention Facility.

14) It was never determined to whom the car was registered to and there was no item identifying the Plaintiff in the bag within which the contriband was found.

15) The citation for Failure to Drive a Single lane wasn't written until 3:55 a.m.

16) The morning proceeding of August 3, 2016 Plaintiff was taken to bond hearing for the pending charges where Plaintiff bond was set at $206,000, which was in excess of what Plaintiff earned for a living.

17) On August 17, 2016 Plaintiff retained Private Counsel Ms. Janet E. Johnson to represent him in the pending case.

2

VII Statement of facts Cont.

18) Cost of Retained Counsel, Deposition expenses, Car being towed, phone expenses, Sales of jewelry lost of wages of work, lost of bank loan.

19) On February 10, 2017 Plaintiffs Counsel filed a motion to Suppress, and on April 20, 2017 the Trial Judge Honorable B. Anderson of Duval Co. Court madr. ruling granting the motion to Suppress that the Stop of Plaintiff's car was illegal and that there was no probable cause for the Stop, and arrest.

## VIII Relief Requested Continued

injunction ordering Defendant's Ofc. Dale D. Collins and ofc Author L. Prater III not to retaliate towards Plaintiff in the future and sease they're illegal acts in Performing illegal Stop, search, and seizeure in violating citizens Constitutional Rights.

3) Grant Plaintiff compensatory damage from the date of Plaintiff's detainment of August 3, 2016 for lost wage Attorney and deposition fees, Sales of jewelry, cost of car being towed, lost of bank loan and account, and phone expenses. etc.

4) Grant Plaintiff for general damage for pain and Suffering, Emotional Stress, Mental Suffering, etc.

5) Grant Plaintiff. punitive damage for the ofc willful and malicious conduct while on duty in the Sum $7,000,000.00 dollars against the Defendant's jointly and Severally including cost of Attorney fee.

6) Plaintiff seeks a jury trial on all issues triable by jury, and Plaintiff Seeks recovery of their cost in this suite and any additional relief this court deem proper, just and equitable.

1